402 A.2d 1012

**In re ESTATE of Sophie V. KATKOWSKI, Deceased.**

**Appeal of William H. LAUBACH, Surviving Executor under the Last Will and Testament of Sophie V. Katkowski, Deceased.**

Supreme Court of Pennsylvania.

Submitted April 23, 1979.

Decided July 5, 1979.

Bernard B. Naef, Victor F. Cavacini, Allentown, for appellant.

Richard J. Orloski, Allentown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Appellant and his wife were named executors of decedent's estate under her last will and testament which provided *inter alia* the following instructions:

Second: I hereby order and direct my Executors to allow my daughter, Emily Lesko, and my son, Lewis F. Katkowski, to reside in the homestead providing either of them will not remarry, but they must pay all taxes, water rents, fire and storm insurance, and all necessary repairs to the homestead.

I order and direct my Executors to inspect said homestead and if any repairs are needed shall order the above two named children to make the same within 30 days or the property shall be sold by the Executors as will be described in the next paragraph.

In the event that either one of the above named children, Emily or Lewis, are remarried, die or fail to pay the taxes, fire and storm insurance, water rent, and repairs then I give, devise and bequeath to my Executors with full power and authority to my said Executors to sell the same at either public or private sale for the best prices obtainable, which in their judgment seem for the best interests of my Estate, and upon the sale thereof my said Executors are authorized and empowered to execute, acknowledge and deliver good and sufficient deeds and further assurances in law to the purchasers thereof in fee simple, the same as I could do if living.   .   .   .

Emily Lesko and her husband resided in the homestead following decedent's death. After Emily Lesko's death, the executors sold the homestead to Robert Burch on November 22, 1974 for $8,500. On February 25, 1975, the surviving heirs of Joseph B. Katkowski, a devisee under decedent's will, filed objections to the final accounting of decedent's estate claiming that the executors were negligent in failing to perform their duties imposed under the will, i. e., to inspect the premises and order necessary repairs which would be paid for by the tenant, Emily Lesko; said repairs inuring to the benefit of the estate. Following a hearing on the matter, the lower court found that the executors had been negligent, surcharged appellant (surviving executor) $6,500 and denied appellant his executor's commission

($300.00).[1]  Appellant's exceptions to this adjudication were dismissed and he now appeals to this court.

Appellant contends that 1) the evidence presented at the hearing is inadequate to support the lower court's finding of the executors' negligence; and 2) assuming the executors were negligent, the surcharge imposed by the lower court upon appellant was excessive.

In reviewing a decision of the orphan's court, our task is to assure that the record is free from legal error and to determine if the chancellor's findings are supported by competent and adequate evidence. *In Re Estate of McCrea,* 475 Pa. 383, 380 A.2d 773 (1977).

In performing their duties to inspect and order repairs to the premises, the executors are required to use such common skill, prudence and caution as a prudent man, under similar circumstances, would exercise in the management of his own estate. *In Re Estate of Denlinger,* 449 Pa. 393, 297 A.2d 478 (1972).

■ With respect to appellant's first contention we have reviewed the record using the aforementioned standard and conclude that the lower court's finding of negligence is supported by competent and adequate evidence and in support thereof quote from the lower court's opinion (The Honorable Martin J. Coyne, P.J.):

Laubach [appellant] himself admitted that although he visited the premises once a week, he did not inspect the premises, other than to observe the downstairs. More importantly, however, there is no evidence that Laubach or his wife directed the occupants to make repairs, although the need therefore was quite apparent. Laubach admitted that the house needed rewiring and that the bathroom floor, which he never inspected, was rotted. Burch, the purchaser, on the other hand detailed (N.T. pp. 59 through 70) many of the house's deficiencies ranging from a garage roof which had collapsed because the joists

1.  Appellant's wife, Fannie J. Laubach, died on March 19, 1975 thus making appellant the surviving executor and the sole appellant in this case.

had rotted through to chimney bricks which needed repainting, window frames which had rotted, warped and became incapable of holding paint, metal roofing which needed paint, exterior woodwork in need of paint, ceilings in dining room and front bedroom which needed repair, the bathroom floor which needed to be replaced, cellar drains which needed unblocking and interior electrical wiring which needed to be replaced in its entirety. Failure to bring these conditions to the attention of the occupants or to sell the house within thirty days after such notice certainly represented a failure on the part of the fiduciaries to perform the duties imposed upon them by the provisions of decedent's will as well as a failure to conform to the standard of conduct required of fiduciaries by the law of this Commonwealth.

Appellant's second contention, that the $6,500 surcharge was excessive is also without merit. If executors negligently cause a loss to an estate they may properly be surcharged for the amount of such loss. *Id.,* 449 Pa. at 396, 297 A.2d 478, 480. In *Estate of Lux,* 480 Pa. 256, 389 A.2d 1053 (1978), this Court quoted *Miller's Estate,* 345 Pa. 91, 95, 26 A.2d 320, 321 (1942) which stated: "Surcharge is the *penalty* for failure to exercise common prudence, common skill and common caution in the performance of the fiduciary's duty and is imposed to compensate beneficiaries for loss caused by the fiduciary's want of due care." (Emphasis added).

During the hearing, Robert Burch testified that upon purchasing the property from the estate, he spent approximately $4,000 doing necessary maintenance and repair work to the house and then entered into a sales agreement to sell the property for $15,000 only nine months after said purchase.[2] The auditing judge concluded that the $15,000 figure reflected the value of the house had it been kept in good repair and calculated the $6,500 surcharge by subtracting

2. We find no merit to appellant's argument that Burch's efforts constituted improvements to the house (as opposed to necessary repairs) and accounted for its increase in value.

the executor's sale price of $8,500 from the $15,000. This $15,000 figure is also supported by the testimony of William Graul, a real estate broker who testified for appellees as an expert witness, that the value of the premises, based upon sales of similar property in the neighborhood, should have been approximately $16,000 when it was sold to Burch.

We find that the surcharge imposed upon appellant was a reasonable penalty fairly representing the loss the estate suffered through the executors' negligence.

Decree affirmed. Costs on appellant.